UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case Nos. 8:22-cv-01823-KES and 8:22-cv-01840-KES     Date: October 19, 2022

Titles: Bell Semiconductor, LLC v. Western Digital Technologies, Inc.
          Bell Semiconductor, LLC v. Omnivision Technologies, Inc.

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     Order TO SHOW CAUSE WHY APPLICATIONS OF NON-RESIDENT ATTORNEYS TO APPEAR <u>**PRO HAC VICE**</u> SHOULD NOT BE DENIED UNDER LOCAL RULE 83-2.1.3.2(c).

     This Court orders Plaintiff Bell Semiconductor, LLC ("Bell Semiconductor") to show cause why Alexandra Easley, Richard Kamprath, Ashley Moore, and David Sochia's Applications to Appear <u>Pro Hac Vice</u> should not be denied under Local Rule 83-2.1.3.2(c).

     On October 14, 2022, those four attorneys applied for permission to appear <u>pro hac vice</u>. (Dkt. 13, 14, 15, and 16.)

     Local Rule 83-2.1.3.2(c) states:

     Unless authorized by the Constitution of the United States or Acts of Congress, an applicant is not eligible for permission to practice pro hac vice if the applicant … is regularly engaged in business, profession, or other similar activities in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case Nos. 8:22-cv-01823-KES and 8:22-cv-01840-KES          Date: October 19, 2022
                                                                                       Page 2

      In 2018, Judge Anderson, of this district, concluded that L.R. 83-2.1.3.2(c) prohibited an attorney—who had appeared pro hac vice five times in this district within the previous three years—from appearing pro hac vice.  Kerstein v. Antelope Valley Hospital, 2:18-cv-08960-PA-JPR, Dkt. 24 at 1, 2018 WL 1011136 at *1 (C.D. Cal. Dec. 13, 2018).  Judge Anderson did so because he concluded that those prior appearances constituted being "regularly engaged in business, profession, or other similar activities in California."  Id.

      This court's research indicates that, within the last two years:

- Ms. Easley has appeared pro hac vice in eleven California federal court cases, and she remains an active attorney of record in all of those cases,

- Mr. Kamprath has appeared pro hac vice in nine California federal court cases, and he remains an active attorney of record in all of those cases,

- Ms. Moore has appeared pro hac vice in fifteen California federal court cases, and she remains an active attorney of record in thirteen of those cases, and

- Mr. Sochia has appeared pro hac vice in thirteen California federal court cases, and he remains an active attorney of record in eleven of those cases.

      So, Bell Semiconductor is ORDERED, on or before November 4, 2022, to show cause in writing why—unlike the attorney in Kerstein—Alexandra Easley, Richard Kamprath, Ashley Moore, and David Sochia are not "regularly engaged in business, profession, or other similar activities in California" and should not have their Applications to Appear Pro Hac Vice denied under Local Rule 83-2.1.3.2(c).

                                                                                                       Initials of Deputy Clerk JD